IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DOMINIQUE BENTLEY, #M16347, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) )  Case No. 23-cv-00048-SMY ) |
| CARRI MORRIS, S. BUETTNER, MS. DRAPER, MABREY, MAJOR ROWLAND, C/O BROOKS, ROYSTER, AKINS, BENT, CHOATE, HOFFMAN, JOHN DOE, JOHN DOE, and ANTHONY WILLIS, | ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**YANDLE, District Judge:**

This matter came before the Court on Plaintiff Dominique Bentley's Motion for Preliminary Injunction. (Doc. 38). Defendants filed responses in opposition to the motion. (Docs. 43-48, 50). The Court conducted a hearing on the motion February 26, 2024, and the parties filed Supplements on March 8 and March 11, 2024. (Docs. 61, 62). Having considered all evidence and testimony presented, the Court concludes that a preliminary injunction is unwarranted at this time; the motion is **DENIED**.

### BACKGROUND

Plaintiff Dominique Bentley filed a Complaint pursuant to 42 U.S.C. § 1983 against officials at Menard Correctional Center. (Doc. 1). He alleges that he suffers from severe depression with a history of suicide attempts involving self-mutilation, and that during his long-term placement in segregation at Menard, his symptoms intensified, and he was placed on crisis watch from January until July 2022. He further alleges that while in segregation, he was denied

1

mental health treatment, was actively encouraged to commit suicide, and was punished for attempting to commit suicide on several occasions.

Following screening of this matter under 28 U.S.C. § 1915A, Plaintiff was allowed to proceed with seven Eighth Amendment claims against Menard officials who allegedly exhibited deliberate indifference to his serious mental health needs when they failed to protect him from self-harm, denied him mental health treatment, and actively encouraged him to attempt suicide in 2022. (Doc. 14).

## MOTION FOR PRELIMINARY INJUNCTION (DOC. 38)

Plaintiff asserts that he continues to suffer from severe depression with suicidal urges that intensified in November 2023. He claims that Defendants denied him mental health treatment, psychotropic medication, suicide watch, and protection. Specifically, he alleges that he requested crisis intervention daily with no response, except from Major Rowland who publicly rebuked him in the prison yard on November 6, 2023, and that when he requested more protection from self-harm, the defendants released him from suicide watch and provided him with weapons for use in inflicting self-harm.

Plaintiff now seeks the following injunctive relief: (1) a transfer to a facility that can provide him mental health treatment, medication, and protection; and, until then; (2) an order prohibiting the defendants from treating him; (3) an order assigning the defendants to other jobs in other buildings; and (4) an order for his adequate mental health care.

## DISCUSSION

When deciding whether to issue a preliminary injunction, the Court must determine whether the plaintiff has demonstrated that (1) he has some likelihood of prevailing on the merits of his claim; (2) he will suffer irreparable harm if he does not obtain the requested relief; and

(3) traditional legal remedies are inadequate. *See Mays v. Dart*, 974 F.3d 810 (7th Cir. 2020) (citation omitted). If Plaintiff makes this showing, the court must balance the harm to Plaintiff caused by denying the preliminary injunction with the harm to Defendants caused by granting relief. *Id*. at 818.

["A] plaintiff must demonstrate that 'its claim has some likelihood of success on the merits,' *see, e.g., Eli Lilly and Co. v. Arla Foods, Inc.*, 893 F.3d 375, 381 (7th Cir. 2018), not merely a 'better than negligible' chance. What amounts to 'some' depends on the facts of the case at hand because of our sliding scale approach. *See Ty, Inc.*, 237 F.3d at 895." *Mays* at 822. Given that Plaintiff's seven claims survived threshold review under 28 U.S.C. § 1915A, the Court finds this element satisfied. That said, the credible evidence belies Plaintiff's allegations made in support of his request for injunctive relief. As such, he has not shown that he will suffer irreparable harm or that he has no adequate remedy at law should an injunction not issue.

During the hearing, Plaintiff testified that he received no mental health treatment at all after transferring into the general population in September 2023. (Doc. 59, p. 11, ll. 4-7). He then admitted that since November 2023, he has been taking psychotropic medication (Doc. 59, p. 13, ll. 4-24), attending group sessions (Doc. 59, p. 11, l. 25), attending telehealth/telepsych appointments (Doc. 59, p. 20, ll. 7-14), and seeing a mental health professional (Doc. 59, p. 11, ll. 23-25). Plaintiff testified that he attempted suicide three times since November 2023, but he could not recall when (Doc. 59, p. 14, ll. 23-25). The Court allowed him to supplement his motion with affidavits from inmate witnesses, and the affidavits do not establish that he put any defendants on notice of his suicidal urges or attempts.[1] (Doc. 61).

---

[1] Plaintiff filed two declarations. In the first, Inmate D'Yontae Bright indicated that he observed an unidentified officer deny Plaintiff's request for help while he was cutting himself on January 10, 2024. (Doc. 62, p. 3). In the second, Inmate Michael Minnifield states that he overheard an unidentified officer deny Plaintiff's request for crisis intervention while Plaintiff cut himself on February 6, 2024. (Doc. 61, p. 2). A psychiatrist reviewed Plaintiff's

3

The records and testimonial evidence produced establishes that the Wexford defendants were not responsible for the plaintiff's mental health treatment, housing, or placement during the relevant period. (Doc. 43). None of the Wexford defendants were employed by Wexford as of November 2023 and none worked as mental health professionals at Menard. (Docs. 43-48). They had no involvement in decisions made about Plaintiff's care, treatment, or placement. *Id*. Moreover, the evidence demonstrates that Plaintiff is receiving regular and ongoing medication, individual counseling, group therapy, and housing/crisis assessments.

Defendant Carri Morris[2] offered credible testimony and evidence that Plaintiff has been treated with psychotropic medication, individual counseling, and group counseling since November 2023. Morris testified that Plaintiff saw MHP Wilkes on December 1, 2023 (Doc. 59, p. 25, ll. 19-20), he refused to attend group therapy on December 15, 2023 (Doc. 59, p. 27, ll. 15-17), he met with LSW Conner for a crisis intervention follow-up / suicide potential assessment on December 27, 2023 (Doc. 59, p. 32, ll. 1-7), he attended group counseling on January 25, 2024 (Doc. 59, p. 27, ll. 18-21), his medications were reviewed by a psychiatrist on February 6, 2024 (Doc. 59, p. 27, ll. 22-23), he attended group counseling on February 23, 2024 (Doc. 59, p. 28, ll. 1-8), and he met with Morris to discuss his referral to a residential treatment unit (RTU) on February 24, 2024 (Doc. 59, p. 28, ll. 13-14). Morris also testified that Plaintiff's requests for crisis intervention are documented in his chart, and his chart includes no requests since November 2023 (Doc. 59, p. 32, ll. 8-11; Doc. 62 at ¶¶ 8-9). Defendants supplemented their response with records confirming the testimony. (Doc. 62, Ex. A).

---

medications on the same date as the second incident. (Doc. 59, p. 27, ll. 22-23). Plaintiff has presented no evidence that these officers were named defendants in this case.
[2] Morris is a social worker who has worked with Plaintiff at Menard.

Similarly, the credible evidence indicates that the IDOC defendants lacked notice of any ongoing harm to Plaintiff in November 2023. At the time, he was housed in the general population. He was not on suicide watch and was taking psychotropic medications to manage his condition. He was scheduled for regular counseling sessions and mental health appointments. Plaintiff offered no credible testimony that he notified the defendants of suicidal urges on or after November 2023 or of any attempts to inflict self-harm.

In sum, the Court has considered the parties' submissions and evidence presented in connection with Plaintiff's request for preliminary injunctive relief and finds that Plaintiff has not satisfied the requirements for preliminary injunctive relief because he has not shown the lack of an adequate remedy at law, or the likelihood of irreparable harm if relief is denied. Accordingly, Plaintiff's Motion for Preliminary Injunction (Doc. 38) is **DENIED** without prejudice. Plaintiff may renew his request for a preliminary injunction at any time it becomes necessary to do so during the pending action.

**IT IS SO ORDERED.**

**DATED: 4/4/2024**              s/ *Staci M. Yandle*
                                  **STACI M. YANDLE**
                                  **United States District Judge**